70 F.3d 1280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mavis UNGER, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General, Defendant-Appellee.
 No. 94-16619.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 20, 1995.*
Decided Nov. 24, 1995.
 
 Before: PREGERSON, NORRIS, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mavis Unger appeals pro se the district court's partial dismissal for failure to exhaust her administrative remedies and summary judgment in favor of the Postmaster General in her action alleging the Postal Service discriminated against her by removing her from her employment and denied her accrued sick-leave benefits in violation of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794(a). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's summary judgment. Wallis v. J.R. Simplot Co., 26 F.3d 885, 888 (9th Cir.1994). To establish a prima facie case of wrongful termination under the Rehabilitation Act, a plaintiff must demonstrate that she is an "otherwise qualified handicapped" person and was terminated because of his handicap. Lucero v. Hart, 915 F.2d 1367, 1371 (9th Cir.1990). A handicapped person is defined, in part, as one who has a physical or mental impairment which substantially limits one or more of such person's major life activities." 29 C.F.R. Sec. 1613.702(a)(1). Once the plaintiff establishes a prima case under the Act then the burden shifts to the defendant who must demonstrate a legitimate, nondiscriminatory reason for the termination. Lucero, 915 F.2d at 1371.
 
 
 4
 We agree with the district court that Unger failed to establish either that she was a handicapped person or that defendants lacked a legitimate, nondiscriminatory reason for her termination. First, although Unger claimed to have a back condition which affected her ability to perform her job, she persistently refused to submit to an x-ray examination despite the fact that four separate physicians stated that they could not reach a definitive diagnosis without such an examination. Given the lack of an informed medical diagnosis regarding the extent of Unger's back condition, Unger failed to establish that her condition "substantially" limited her activities. See 29 C.F.R. Sec. 1613.702(a)(1).
 
 
 5
 Even assuming Unger established a prima facie case under the Act, her discrimination claim fails because defendants had a legitimate, nondiscriminatory reason for her termination from employment. Unger was warned both by defendant and by the arbitrator from the National Labor Relations Board that her failure to submit to an x-ray examination could result in her dismissal. Despite these warnings, Unger repeatedly refused to undergo such an examination. Given these circumstances, we cannot say that the district court erred by concluding that defendant had a legitimate, nondiscriminatory reason for terminating Unger from her position. See Lucero, 915 F.2d at 1371.
 
 
 6
 Finally, we can see no error in the district court's dismissal of Unger's claim of discrimination claim based on the defendants' failure to pay her for 621 hours of accrued sick leave following her removal. "[A] federal employee who alleges employment discrimination on the basis of a handicap must exhaust the administrative remedies available under Title VII." Vinieratos v. United States, 939 F.2d 762, 773 (9th Cir.1991). Here, the record does not establish that Unger filed an administrative claim regarding the sick-leave benefits, or that the Equal Employment Opportunity Commission ever had the opportunity to address the merits of such a claim. To the contrary, in her moving papers Unger stated that she had abandoned this claim upon approval of her application for retirement benefits. Accordingly, the district court did not err by dismissing this claim for failure to exhaust administrative remedies. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3